**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANGEL RODRIGUEZ,**

    **Petitioner,**

v.                                    **Case No.   6:10-cv-1626-Orl-35DAB**

**SECRETARY, DEPARTMENT
   OF CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 14) to the petition for writ of habeas corpus. Petitioner was permitted to file a reply to the response, but he did not do so.

### I.     *Procedural History*

Petitioner was charged by indictment in Brevard County Circuit Court case number 01-33003-CFA with one count of first degree premeditated murder, one count of grand theft motor vehicle, and one count of grand theft of a firearm. He was also charged by information in Brevard County Circuit Court as follows: 1) in case number 01-32055-CFA, with four counts of battery on a law enforcement officer; 2) in case number 01-33935-CFA, with one count of corruption by threat against a public servant; and 3) in case number 01-35034-CFA, with one count of aggravated battery on a law enforcement officer. Petitioner subsequently entered into a plea agreement in which,

among other matters, he agreed to enter pleas of no contest as to the follwing: 1) in case number 01-33003, one count of second degree murder, one count of grand theft of a motor vehicle, and one count of grand theft of a firearm; 2) in case number 01-32055, one count of battery on a law enforcement officer; 3) in case number 01-35034, one count of aggravated battery on a law enforcement officer; and 4) in case number 01-33935, one count of corruption by threat against a public servant. On October 11, 2006, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of forty years. Petitioner did not file a direct appeal.

On March 2, 2009, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was later amended. The trial court entered an order on August 24, 2009, denying the motion and amendments thereto. The state appellate court affirmed the denial *per curiam* on May 18, 2010. Mandate was issued on July 8, 2010.

## II.    Petitioner's Habeas Petition is Untimely

## A.    Legal Standard

Pursuant to 28 U.S.C. § 2244,

---

[1] Although the motion was actually filed with the trial court on March 6, 2009, under the "mailbox rule," the motion would be deemed filed on March 2, 2009, the date when the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

>    (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.   *Discussion of Petitioner's Case***

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered.   *See* Fla. R. App. P. 9.110(b).   Since the judgment of conviction was entered on October 11, 2006, the time for seeking a direct appeal expired on November 10, 2006.   Petitioner then had until November 10, 2007, absent any tolling, to file a federal habeas petition regarding such conviction.   Petitioner's federal habeas petition was filed on July 30, 2010, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during

which a properly filed state post-conviction or collateral proceeding is pending. When Petitioner filed his Rule 3.850 motion on March 2, 2009, the one-year limitation period had run, and, therefore, it did not toll the one-year period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, Petitioner's federal habeas petition is untimely and is denied

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Angel Rodriguez (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of September 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/13; Counsel of Record; Angel Rodriguez